**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

BRIAN A. PERRI,                                    :
                                                   :      Civ. No. 23-1762 (RBK)
                       Petitioner,                 :
                                                   :
        v.                                         :
                                                   :      **MEMORANDUM & ORDER**
UNITED STATES OF AMERICA,                          :
                                                   :
                       Respondent.                 :
_____:

 Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New

Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. Previously, this matter was administratively terminated because Petitioner had not paid the

filing fee nor had he submitted an application to proceed *in forma pauperis*. (*See* ECF 3).

Thereafter, Petitioner paid the filing fee such that the Clerk will be ordered to reopen this case.

 In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to §

2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has

screened the petition for dismissal and determined that dismissal without an answer and the

record is not warranted. Petitioner names as the Respondent the United States of America. (*See*

ECF 1 at 1). However, the proper respondent in this case is the custodian of Petitioner, who

would be the warden of F.C.I. Fort Dix. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) such

that the named Respondent in the caption of this case shall be changed.

 Additionally, Petitioner has filed two outstanding motions; namely: (1) motion to appoint

pro bono counsel (*see* ECF 4); and (2) motion to amend the habeas petition. (*See* ECF 6). Each

of these motions is considered in turn.

Petitioner's motion for the appointment of pro bono counsel will be denied without prejudice. A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

Petitioner has filed an application to proceed *in forma pauperis*. (*See* ECF 5-1). However, the application is incomplete as it has not been signed by the appropriate prison official. Petitioner claims there is no one available to sign his application as "the counselor's have been moved." (*See* ECF 5-1 at 3). This is insufficient. To warrant excusing a prison official's certification, Petitioner should provide this Court with *specific information* about the steps he has taken to try and obtain a prison official's certification and signature such as the names of officials he has asked, the dates of the inquiries and the responses he has received. Thus, his application to proceed *in forma pauperis* is denied without prejudice. Given this denial, Petitioner also fails to show that he is indigent to this Court's satisfaction to warrant considering

appointing him pro bono counsel. Accordingly, the motion for the appointment of pro bono counsel is also denied without prejudice.

Petitioner seeks in his motion to amend (*see* ECF 6) to add exhibits to his habeas petition. That motion will be granted and those exhibits shall be considered part of his habeas petition.

Accordingly, IT IS on this 25th day of May, 2023,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that the Clerk shall replace Respondent the United States of America with the Warden of F.C.I. Fort Dix in the caption of this case; and it is further

ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF 5-1) is denied without prejudice; and it is further

ORDERED that Petitioner's motion to appoint pro bono counsel (ECF 4) is denied without prejudice; and it is further

ORDERED that Petitioner's motion to amend his habeas petition (ECF 6) is granted; the exhibits included in his motion to amend shall be considered part and parcel of Petitioner's habeas petition; and it is further

ORDERED that the Clerk shall serve a copy of the habeas petition (ECF 1 & 6) and this memorandum and order on Respondent Warden of F.C.I. Fort Dix by regular U.S. mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the habeas petition (ECF 1 & 6) and this memorandum and order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that within forty-five (45) days of the date of the entry of this memorandum and order, Respondent shall file and serve a response which responds to the allegations and

grounds in the habeas petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

ORDERED that Respondent shall file and serve with the response certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses; and it is further

ORDERED that within forty-five (45) days of receipt of the response, Petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that the Clerk shall serve this memorandum order on Petitioner by regular U.S. mail.


s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge