UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. PERRI, | : |
| | : |
| Petitioner, | :  Civ. No. 23-1762 (RBK) |
| | : |
| v. | : |
| | : |
| WARDEN OF F.C.I. FORT DIX, | :  OPINION |
| | : |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Petitioner, Brian A. Perri ("Perri" or "Petitioner"), is a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with this action seeking habeas relief pursuant to 28 U.S.C. § 2241. (*See* ECF 1 & 6). Also pending is Petitioner's motion to amend his amended habeas petition. (*See* ECF 8). For the following reasons, Petitioner's motion to amend is granted. Nevertheless, Petitioner's habeas claims are denied.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of transportation of child pornography in violation of 18 U.S.C. 2252(a)(1)((b)(1) and one count of possession of child pornography in violation of 18 U.S.C. 2252(a)(4)(B). (*See* E.D. Pa. Crim. No. 15-486, ECF 41). He received a sentence of 120-months imprisonment. (*See id.*). Petitioner is currently scheduled to be released from Federal Bureau of Prisons' ("BOP") custody on March 11, 2025. *See https://www.bop.gov/inmateloc/* (last visited on January 16, 2024).

In March, 2023, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner requests in his original habeas petition that this Court make a non-binding recommendation to the BOP that he be placed in a Residential Reentry Center ("RRC")/Halfway House for the last twelve months of his prison sentence.

Thereafter, Petitioner filed a motion to amend his habeas petition (*see* ECF 6), which sought to add exhibits to his original habeas petition. This Court granted that motion. (*See* ECF 7). Subsequently, Petitioner filed another motion to amend his habeas petition which remains pending. (*See* ECF 8). Petitioner seeks to amend his habeas petition to include a claim that he is entitled to earned time credits under the First Step Act ("FSA"). *See* 18 U.S.C. § 3632(d).

Respondent opposes Petitioner's habeas action. (*See* ECF 10). Respondent served its response on Petitioner on November 16, 2023. (*See* ECF 13). Petitioner had forty-five days to file a reply in support of his habeas claims. (*See* ECF 7 at 4 (ordering that Petitioner has forty-five days from receipt of Respondent's response to file a reply brief)). Petitioner did not file a reply brief to date. Thus, the matter is now ready for adjudication.

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

### IV. DISCUSSION

A. <u>Petitioner's Request for RRC Recommendation</u>

Petitioner first requests that this Court make a non-binding recommendation to the BOP that Petitioner be placed in a RRC for the final twelve months of his federal criminal sentence. Respondent argues that Petitioner failed to exhaust his administrative remedies on this claim. "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted). Exhaustion is required because it "(1) allow[s] the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permit[s] agencies to grant the relief requested conserves judicial resources; and (3) provid[es] agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citations omitted).

Even if a petitioner fails to exhaust a § 2241 habeas claim, a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006). This Court will bypass any potential exhaustion issues and exercise its discretion to decide the claim on its merits.

Petitioner's request for this Court to make a non-binding recommendation to the BOP that the final twelve months of his prison sentence in a RRC to conclude his federal sentence is misplaced in this habeas action. Petitioner needs to seek such a recommendation in the court that sentenced him, namely the Eastern District of Pennsylvania. *Cf. Glasper v. Ebbert*, No. 18-001, 2018 WL 4492976, at *1 (M.D. Pa. Sept. 19, 2018) (noting amongst other items that the BOP considers any statement of the court that sentenced the inmate when assessing an inmate for an

RRC recommendation to conclude a sentence); *Bracy v. Warden, FCI Allenwood*, No. 17-2355, 2018 WL 435211, at *1 (M.D. Pa. Jan. 16, 2018) (noting petitioner filed a motion for recommendation for placement in a RRC in his sentencing court, the District of Maryland).

Petitioner relies on *United States v. Ferguson*, Crim. No. 16-707, 2018 WL 5095149 (D.S.C. Oct. 19, 2018) to argue this Court can make such a recommendation. (*See* ECF 1 at 4). However, *Ferguson* is easily distinguishable. In *Ferguson*, it was the court that sentenced the defendant, the District of South Carolina, that recommended that he serve his last twelve months in a halfway house.

Furthermore, the record in this case does not indicate, nor has Petitioner shown, that a final decision on his RRC placement has been made. However, as noted by Respondents, BOP procedures indicate that inmates are reviewed for RRC placement between seventeen-nineteen months prior to their projected release date. (*See* ECF 10-2). That period has now elapsed given Petitioner's release date is now only approximately fourteen months away, in March, 2025. Thus, Petitioner can presumably file a new habeas petition challenging any decision to exclude him from an RRC that may have been made by the BOP. *See Porter-Bey v. Bledsoe*, 456 F. Appx' 109, 111 (3d Cir. 2012) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005) (noting a petitioner can file a habeas corpus petition to challenge a decision to exclude him from release to a RRC).

Accordingly, for these reasons, this claim will be denied without prejudice. Petitioner can seek to obtain a non-binding recommendation for twelve-month placement in a RRC from the Eastern District of Pennsylvania. Furthermore, Petitioner can presumably seek habeas relief

through a new habeas petition in this Court to review any BOP decision excluding him from a RRC.[1]

B. Earned Time Credits

In his pending motion to amend, Petitioner argues that he is entitled to earned time credits under the FSA. The motion to amend will be granted such that the time credits claim will be considered as part of this habeas action.

Respondent argues at least initially that Petitioner has failed to administratively exhaust this claim. However, like Petitioner's claim regarding a recommendation for RRC placement, this Court will exercise its discretion and analyze the claim on the merits. *See Ridley*, 179 F. App'x at 111.

The FSA required the Attorney General, within 210 days of the date of enactment, to develop a "risk and needs assessment system" for federal inmates that would "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(a), (d). The BOP released the risk and needs assessment on July 19, 2019, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). *See, e.g., Hare v. Ortiz*, Crim. No. 18-588-1, 2021 WL 391280, at *1 (D.N.J. Feb. 4, 2021).

The FSA directed the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release date. 18 U.S.C. § 3621(h)(1)(A). To earn time credits under the FSA, an inmate must

---

[1] Nothing in this opinion should be construed as analyzing the merits of any subsequent habeas petition Petitioner may elect to file with respect to RRC placement or any request Petitioner may make in the Eastern District of Pennsylvania regarding obtaining a recommendation for RRC placement.

5

successfully complete programs addressing the needs of the inmate. *See, e.g.*, 18 U.S.C. § 3632(d)(4)(A). Nevertheless, the FSA lists certain categories of prisoners who are ineligible to receive credits under the FSA based on offenses for which the prisoner was convicted. *See id.* at § 3632(d)(4)(D). Among the categories of prisoners who are ineligible to receive time credits under the FSA are those convicted under 18 U.S.C. § 2252. *See* 18 U.S.C. § 3632(d)(4)(D)(xli).

As noted in *supra* Part II, Petitioner was convicted under 18 U.S.C. § 2252. Thus, he is ineligible for time credits under the FSA. *See Grigsby v. Gutierrez*, No. 22-16180, 2023 WL 8711819, at *1 (9th Cir. Dec. 18, 2023) (noting prisoner ineligible to receive FSA time credits if serving a sentence for an enumerated offense under § 3632(d)(4)(D)); *Burgess v. Warden of Rochester FMC*, No. 22-2363, 2023 WL 4494342, *report and recommendation adopted*, 2023 WL 4493527 (D. Minn. July 12, 2023) (petitioner not entitled to FSA time credits where serving a sentence based on 18 U.S.C. § 2252); *Manley v. Hendrix*, No. 20-00119, 2020 WL 7122420, at *5 (E.D. Ark. Nov. 12, 2020), *report and recommendation adopted*, 2020 WL 7081690 (E.D. Ark. Dec. 3, 2020) (holding prisoner "ineligible to earn § 3632 time credits based on his convictions for sexual exploitation of a minor and distributing child pornography."). Thus, this claim is denied with prejudice as Petitioner is ineligible to receive earned time credits under the FSA.

V.     **CONCLUSION**

For the foregoing reasons, Petitioner's motion to amend his habeas petition is granted such that his earned time credits claim will be considered as part and parcel of this habeas action. Petitioner's amended habeas petition, which now includes the claim raised in his granted motion to amend is denied. Petitioner's claim seeking a recommendation from this habeas court for a twelve-month period in an RRC to conclude his federal criminal sentence is denied without

prejudice. Petitioner's claim related to purportedly receiving owed earned time credits under the FSA is denied with prejudice. An appropriate order will be entered.

DATED: January 19, 2024                                                           s/ Robert B. Kugler
                                                                                                       ROBERT B. KUGLER
                                                                                                       United States District Judge